IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LAWRENCE G. RUPPERT and
THOMAS A. LARSON,
on behalf of themselves and on
behalf of all others similarly situated,

                                              ORDER

                Plaintiffs,

                                          08-cv-127-bbc

    v.

ALLIANT ENERGY CASH BALANCE
PENSION PLAN,

                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In an order entered February 12, 2009, I granted plaintiffs' motion to certify two subclasses under Fed. R. Civ. P. 23(b)(2) for this class action brought under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001-1461. Because I certified the subclasses under Rule 23(b)(2), the question whether to provide notice to the class is a discretionary one. I ordered the parties to address whether it would be proper to provide notice now. Dkt. #67, at 21-23.

The parties have responded to the order. Plaintiffs argue that notice should be provided to the members of the two subclasses to notify them of the pendency of the suit, the issues involved in the suit and the potential effect of the suit on their rights. Plaintiffs

add that the class members would benefit from knowing how to contact class counsel for information about the case. Citing LaFlamme v. Carpenters Local #370 Pension Plan, 212 F.R.D. 448, 459 (N.D.N.Y. 2003), plaintiffs point out that although notifying the class members is not necessary to satisfy due process, it is, at worst, "unharmful to either side." I agree. Defendant suggests that it would be "confusing," pointing out that the notice could lead to unwarranted motions to intervene, lawsuits filed in other venues or general confusion about members' benefits and the law. However, these concerns can be addressed adequately by a carefully drafted notice. I am not persuaded that *any* notice of the sort that plaintiffs are proposing would create confusion.

Next, defendant contends that "notice may be premature" because the subclasses may be redefined but does not suggest that redefinition would be likely. Likewise, defendant points out that notice could be futile if the court enters judgment for defendant but no dispositive motions are on the horizon. Defendant cannot point to the vague possibility of class redefinition, dismissal or summary judgment as reason to keep class members in the dark.

The only other argument defendant has against providing notice is that plaintiffs asked defendant to pay 25% of the costs. However, in their reply brief, plaintiffs have stated that they "have no objection to paying 100% of the costs of hiring a claims administrator to print and mail the notices (including the cost of postage)." Thus, even this argument has

2

lost its force. The only burden on defendant will be to insure that plaintiffs have a complete class list containing each members' full name, most recent address, and date of birth.

I agree with plaintiffs that it would be appropriate to send out a properly drafted notice. Plaintiffs may have until April 24, 2009 in which to submit a proposed notice to defendant. By May 1, 2009, the parties must file a joint agreed notice with the court. If they cannot agree, on May 1, 2009 plaintiffs should file and serve their proposed notice and defendant should submit its objections. Defendant should provide the grounds for its objections to plaintiffs in advance of May 1, 2009 so that plaintiffs may address them when they submit their proposed notice.

ORDER

IT IS ORDERED that plaintiffs may have until April 24, 2009 in which to submit a proposed notice to defendant. By May 1, 2009, the parties must file a joint agreed notice with the court, or, if they cannot agree on the wording of the notice, plaintiffs should file

3

and serve their proposed notice and defendant should submit its objections.

Entered this 15th day of April, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

4