IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LAWRENCE G. RUPPERT and
THOMAS A. LARSON,
on behalf of themselves and on
behalf of all others similarly situated,

                                                ORDER

              Plaintiffs,

                                             08-cv-127-bbc

    v.

ALLIANT ENERGY CASH BALANCE
PENSION PLAN,

             Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pursuant to an order entered April 16, 2009, the parties have made efforts to reach an agreement regarding the terms of a proposed notice to class members. When they could not agree on a few matters, plaintiffs did not file their proposed notice at all, but defendant still filed its proposed objections and attached a copy of what it took to be plaintiffs' last draft of a proposed notice. Plaintiffs filed a motion to strike defendant's objections, dkt. #85, arguing that the draft defendants submitted was not their latest version and that defendant's proposed objections were not timely and therefore "waived."

      The parties devote a total of 17 pages to argue about who was in the right regarding the timeliness of defendant's objections; defendant even submits the 71 pages of email

correspondence and plan revisions to back up its position. The parties have gotten off track. The idea was for the parties to make an effort to agree on the language of a notice or, if that was not possible, to provide their opposing positions to assist the court in making a decision. Both parties agree that they came close to an agreement; it appears that the deadline made it impossible for them to smooth out the last few wrinkles. In that case, the proper course would have been for one or both parties to explain that briefly to the court and seek additional time.

Whatever the reasons were, there appears to be a possibility that, given a brief opportunity to iron out the details, the parties may yet reach an agreement. Rather than entertain the parties' dispute regarding the timeliness of defendant's objections, I will give the parties until May 20, 2009 to file a joint agreed notice or, if they cannot agree on any issue, for plaintiffs to file their proposed notice and defendant to file its objections. To be clear, all defendant's objections must be submitted to plaintiff at the latest by May 18, 2009.

ORDER

IT IS ORDERED that

1. Plaintiffs' motion to strike defendant's objections to plaintiffs' proposed notice to the class, dkt. #85, is DENIED. Plaintiffs may have until May 15, 2009 in which to provide defendant their latest version of a proposed notice. By May 18, 2009, defendant

must submit all its objections to plaintiffs.  By May 20, 2009, the parties must file a joint agreed notice with the court, or, if they cannot agree on the wording of the notice, plaintiffs must file and serve their proposed notice and defendant must submit its objections.

Entered this 13th day of May, 2009.

                              BY THE COURT:

                              /s/

                              _____
                              BARBARA B. CRABB
                              District Judge

3