UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

LAWRENCE G. RUPPERT and

THOMAS A. LARSON

On behalf of themselves and on behalf of
All others similarly situated,

                Plaintiffs,

v.

ALLIANT ENERGY CASH BALANCE
PENSION PLAN,

                Defendant.

Case No. 3:08-CV-00127-bbc

Judge Barbara B. Crabb
Magistrate Judge Stephen L. Crocker

**PLAINTIFFS' MOTION TO EXCLUDE
PROFFERED REPORTS AND TESTIMONY OF
DAVID GODOFSKY AND IAN ALTMAN**

Plaintiffs, through undersigned counsel, pursuant to Federal Rule of Evidence 104 and 702, and *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993) and progeny, respectfully move this Court for an order excluding from evidence the proffered portions of the reports and testimony of Defendant's experts David Godofsky and Ian Altman.

As shown in more detail in Plaintiffs' opposition to Defendant's motion for summary judgment and their Response to Defendant's Statement of Facts ("Pls. Resp. to Def. PFOF") (Doc. 256) and in their Additional Proposed Findings of Fact ("Pls. Add'l FOF") (Doc. 257) (all respectfully incorporated here by reference), it is clear that the proffered portions of the Godofsky report and transcript, *see* Defendant's Rule 56 Statement of Facts ("Def. SOF") (Doc. 204) ¶¶ 38a-b, consist of Mr. Godofsky's legal opinion as to the manner in which the Court should construe an Act of Congress. *See* Pls. Resp. to Def. PFOF ¶¶ 38a-b and Pl. Opp. to Def.

Mtn. for SJ, I.   The courts have held that experts may not testify as to the applicable legal standards or offer legal conclusions.  *See, e.g., Edwards v. Aguillard*, 107 S.Ct. 2573, 2584 (1987) (affirming district court's exclusion of expert testimony concerning the meaning of a Louisiana statute); *RLJCS Enterprises, Inc. v. Professional Ben. Trust Multiple Employer Welfare* Ben. Plan and Trust, 487 F.3d 494, 498 (7th Cir. 2007) (affirming exclusion of expert report offering opinion on meaning and effect of IRS private letter ruling); *United States v. Hook*, 195 F.3d 299,309 (7th Cir. 1999) (district court properly excluded expert testimony that pension plan was no longer an ERISA plan); *Bammerlin v. Navistar In1'l Transp. Com.,* 30 F.3d 898, 900 (7th Cir. 1994).[1]

It is equally clear that Mr. Altman's proffer opinions are not admissible.  In addition to the fact that hindsight evidence as to the correct interest crediting rate is not material to the question of the rate at which future interest credits should have been projected, *see* Pl. Opp. to Def. Mtn. for SJ, II, the fact is that Mr. Altman's opinions are not grounded on any research or methodology, reliable or otherwise, and thus amount to nothing more than personal opinions and improper *ipse dixit*.  *See* Pls. Resp. to Def. PFOF ¶¶ 72-80b, Pls. Add'l FOF ¶¶ 18, 21, 24-25, and Pl. Opp. to Def. Mtn. for SJ, II.   His opinion therefore is inadmissible and should be excluded.  *See, e.g., Zenith Electronics Corp. v. WH-TV Broadcasting Corp.,* 395 F.3d 416, 419 (7th Cir. 2005); *Mombourquette ex rel. Mombourquette v. Amundson,* 469 F.Supp.2d 624, 644

---

[1] *See also Sunbeam-Oster Co., Inc. Group Benefits Plan for Salaried and Non-Bargaining Hourly Employees v. Whitehurst*, 102 F.3d 1368, 1375 n.20 (5th Cir. 1996)(experts may not define terms in summary description of ERISA plan); *Snap-Drape, Inc. v. Comm'r of Int. Rev.*, 98 F.3d 194, 197-198 (5th Cir. 1996) (Tax Court properly excluded expert witness reports from two certified public accountants regarding the proper treatment of 404(k) dividends for tax accounting purposes because the reports improperly contained legal conclusions and legal advocacy arguments); *Montgomery v. Aetna Casualty & Surety Co.,* 898 F.2d 1537,1541 & n. 9 (11th Cir. 1990) (district court abused its discretion by allowing expert to testify as to his interpretation of an ERISA fiduciary policy and whether the insurer of the policy had a duty to hire tax counsel, as these were legal conclusions that could only be decided by the court).

(W.D. Wis. 2007).

## CONCLUSION

Wherefore, for the reasons set forth above, for such additional reasons as Plaintiffs may later adduce and/or for such other reasons as may appear to the Court, the instant motion should be granted.

        Respectfully submitted,

        /s/*Andrew P. Carter*
        Andrew P. Carter
        Gottesdiener Law Firm, PLLC
        498 7th Street
        Brooklyn, New York 11215
        Email: andrew@gottesdienerlaw.com
        Telephone: (718) 788-1500
        Telecopier: (718) 788-1650

        *Counsel for Plaintiffs and the certified Subclasses*

## CERTIFICATE OF SERVICE

I, Andrew P. Carter, an attorney, do hereby certify that on March 19, 2010, I electronically submitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Mark Casciari
Ronald J. Kramer
Amanda A. Sonneborn
Seyfarth Shaw LLP
131 South Dearborn Street Suite 2400
Chicago, IL 60603-5577

        /s/*Andrew P. Carter*