# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WISCONSIN

LAWRENCE G. RUPPERT and

THOMAS A. LARSON

On behalf of themselves and on behalf of
All others similarly situated,

                              Plaintiffs,

    v.

ALLIANT ENERGY CASH BALANCE
PENSION PLAN,

                              Defendant.

Case No. 3:08-CV-00127-bbc

Judge Barbara B. Crabb
Magistrate Judge Stephen L. Crocker

### PLAINTIFFS' MOTION TO EXCLUDE PROFFERED REPORTS AND TESTIMONY OF VINCENT WARTHER AND SUPPLEMENTAL DECLARATION OF IAN ALTMAN

Plaintiffs, through undersigned counsel, pursuant to Federal Rule of Evidence 104 and 702, *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993) and progeny, and this Court's 6/19/09 and 12/30/09 Scheduling Orders (Doc. 101, 146), respectfully move this Court for an order excluding from evidence the testimony of Defendant's experts Vincent A. Warther and Ian Altman.

As shown in more detail in Plaintiffs' Reply Brief in Support of Plaintiffs' Motion for Summary Judgment , Plaintiffs' Answer to Defendant's Response to Plaintiffs' Proposed Findings of Fact (Doc. 277) and Plaintiffs' Response to Defendant's Additional Proposed Findings of Fact (Doc. 276), (all respectfully incorporated here by reference), it is clear that Dr. Warther's report (Docs. 189, 249) and testimony (Doc. 115-16) are inadmissible (other than those aspects addressing Dr. Maxam's stochastic modeling).  In an alternative damages

calculation, Dr. Warther uses a valuation model – the Black-Scholes equity option pricing model – which he admits was designed and is solely recognized as having potential validity only for valuing **equity** options.  Yet without even attempting any adjustment to the model, he purports to offer an opinion going to the heart of the key disputed issue in this case to value options based on a portfolio derived from *both* equity and fixed income.  *See* Pls. Resp. to Def. Add'l FOF ¶¶ 79-89.  In his deposition, Dr. Warther could not identify *any* source, by name or otherwise, validating his unorthodox, experimental adaptation of the model.  Nor has Defendant supported the admissibility of his testimony and report regarding the model with a single reference of any kind suggesting that the model could, with or without adjustments, be used in this fashion.  *Id.*  This kind of "science" is simply unreliable and inadmissible.[1]

Mr. Altman's declaration concerning the possibility of basing the projection rate here in the event liability is found in whole or in part on the Plan's funding assumptions is also inadmissible.  *First*, Mr. Altman's declaration is an improper supplementation to his previous report under Federal Rule of Civil Procedure 26(e)(1) and in violation of this Court's orders.  *See* Doc. 101 ("Supplementation pursuant to Rule 26(e)(1) is limited to matters raised in expert's first report").  Mr. Altman submitted his report a month after Plaintiffs' experts were required to submit theirs and despite the fact that Mr. Deutsch expressly addressed the topic of basing a remedial projection rate in part on the Plan's ERISA funding assumption, Mr. Altman did not address that topic in his report.  *See* Altman 10/23/09 Rep. at 19-21 (not discussing Mr. Deutsch's topic related to the Plan's ERISA funding assumption).  *Second*, the statements Mr.

---

[1] There are numerous other serious flaws with Dr. Warther's "model" detailed in Plaintiffs' Response to Defendant's Additional Proposed Finding of Fact ¶¶ 79-89.  As noted, Plaintiffs are not seeking to exclude those portions of Dr. Warther's report and testimony addressing Dr. Maxam's stochastic modeling.  Although his analysis is deeply flawed, it is not as inherently unreliable as his makeshift model.

Altman now wishes to offer are conclusory personal opinions unsupported by a single citation to record evidence, treatises, or other authority or even simple reasoning. *Third*, Mr. Altman's pronouncement that "based on [his] experience, Alliant's use of an 8.5% asset return assumption was relatively aggressive for this time period" is flatly contradicted by his own actions as an enrolled actuary during that "time period," during which he used similar or *higher* asset return assumptions for far smaller plans than the Alliant Plan. *See* Pls. Resp. to Def. Add'l FOF ¶ 118. Plaintiffs, who already deposed Mr. Altman, would be prejudiced if his unexamined statements were not received and in theory used as a basis for denying Plaintiffs' summary judgment.

## CONCLUSION

Wherefore, for the reasons set forth above, for such additional reasons as Plaintiffs may later adduce and/or for such other reasons as may appear to the Court, the instant motion should be granted.

Respectfully submitted,

  /s/*Andrew P. Carter*
Andrew P. Carter
Eli Gottesdiener
Steven D. Cohen
Gottesdiener Law Firm, PLLC
498 7th Street
Brooklyn, New York 11215
Email: andrew@gottesdienerlaw.com
Telephone: (718) 788-1500
Telecopier: (718) 788-1650

*Counsel for Plaintiffs and the certified Subclasses*

**CERTIFICATE OF SERVICE**

I, Andrew P. Carter, an attorney, do hereby certify that on March 29, 2010, I electronically submitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Mark Casciari
Ronald J. Kramer
Amanda A. Sonneborn
Sam Schwartz-Fenwick
Seyfarth Shaw LLP
131 South Dearborn Street Suite 2400
Chicago, IL  60603-5577

/s/*Andrew P. Carter*