IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LAWRENCE G. RUPPERT and
THOMAS A. LARSON,
on behalf of themselves and on
behalf of all others similarly situated,

                Plaintiffs,

v.

ALLIANT ENERGY CASH BALANCE
PENSION PLAN,

                Defendant.

ORDER

08-cv-127-bbc

---

Several discovery-related motions require attention in this complex class action brought under the laws of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 - et seq.  The pending motions include:

- Plaintiffs' motion to compel disclosure of allegedly privileged documents, dkt. 119

- Plaintiffs' motion for an order that defendant has waived attorney-client privilege and work product protection regarding design, development, legality and selection of lump sum methodology, dkt. 282

- Third party motion to quash plaintiffs' subpoena duces tecum filed by Meriter Health Services, Inc., dkt. 292

- Third party motion to quash plaintiffs' subpoena duces tecum filed by Towers Watson Pennsylvania, dkt. 296

- Third party motion to quash plaintiffs' subpoena for deposition filed by Towers Watson Pennsylvania and Mitchell Olig, dkt. 298

- Defendant's motion for a protective order, dkt. 300

- Plaintiffs' motion to compel compliance with subpoenas served on Towers and Mitchel Olig, dkt. 302

- Plaintiffs' motion to compel compliance with subpoenas served on Meriter and Towers Watson, dkt. 304

- Plaintiffs' emergency motion for a hearing related to pending discovery motions, dkt. 306.

The outcome of these motions hinges on two questions that Judge Crabb now has answered in her order on the parties' cross-motions for summary judgment. The first question was whether the intent of the planners was relevant. The motions related to privileged documents and work-product, dkts. 119 and 282; the motion to quash a subpoena for a deposition filed by Towers and Olig, dkt. 298; the motion for a protective order, dkt. 300; and the motion to compel compliance with the subpoenas served on Towers and Olig, dkt. 302, all relate to evidence of what the Plan knew or considered during the design stage of the Plan. Now that the court has ruled that intent is irrelevant, there is no point in allowing discovery on these matters. Therefore, I am denying plaintiffs' motions on this matter, dkts. 119, 282, 302, and granting defendant's and the third parties' motions, dkts. 298, 300. I am denying as moot a motion to strike filed in response to plaintiffs' motion to compel disclosure of privileged documents, dkt. 150.

The second question was whether evidence related to plans other than the Alliant Plan was relevant. The court concluded that, although evidence related to Alliant's predecessor plans was admissible, information related to other cash balance plans was not. Now plaintiffs are pursuing information about a "new" cash balance plan, Meriter. Although Judge Crabb did not consider whether the Meriter plan was relevant, it falls in with the other cash balance plans. Moreover, to the extent that information about Meriter's plan had even the slightest relevance, it would be for beefing up the parties' expert analyses about what the proper calculation is; at this late stage, the court would not permit supplementation of the expert reports, so it would be pointless to allow plaintiffs to pursue any such evidentiary scraps. Therefore, I am denying

plaintiffs' motion on this matter, dkt. 304 and granting defendant's and the non-parties' motions, dkts. 292, 296. Because it was not necessary to hold a hearing to resolve these discovery motions, I am also denying plaintiffs' emergency motion for a hearing, dkt. 306.

ORDER

IT IS ORDERED that:

(1) The motions filed by plaintiffs Lawrence G. Ruppert and Thomas A. Larson: (a) to compel disclosure of allegedly privileged documents, dkt. 119; (b) for an order that defendant has waived attorney-client privilege and work product protection, dkt. 282; (c) to compel compliance with subpoenas served on Towers and Mitchel Olig, dkt. 302; (d) to compel compliance with subpoenas served on Meriter and Towers Watson, dkt. 304; and (e) for a hearing related to pending discovery motions, dkt. 306, are DENIED.

(2) The motion to strike a supplement, dkt. 150, filed by defendant Alliant Energy Cash Balance Pension Plan, is DENIED as moot.

(3) The motion for a protective order filed by defendant, dkt. 300, is GRANTED.

(4) The motion to quash plaintiffs' subpoena duces tecum filed by Meriter Health Services, Inc., dkt. 292, is GRANTED.

(5) The motion to quash plaintiffs' subpoena duces tecum filed by Towers Watson, dkt. 296, and the motion to quash plaintiffs' subpoena for deposition filed by Towers Watson and Olig, dkt. 298, are GRANTED.

Entered this 3rd day of June, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge