IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| LAWRENCE G. RUPPERT, ) | |
| ) | |
| on behalf of himself and all others similarly ) | |
| situated, ) | Case No. 3:08-CV-00127-bbc |
| ) | |
| Plaintiffs, ) | Judge Barbara B. Crabb |
| ) | Magistrate Judge Stephen L. Crocker |
| v. ) | |
| ) | |
| ALLIANT ENERGY CASH BALANCE ) | |
| PENSION PLAN, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S MOTION IN LIMINE TO PROHIBIT EXPERT TESTIMONY REGARDING MR. DEUTSCH'S NINE PERCENT THEORY

Defendant Alliant Energy Cash Balance Pension Plan ("the Plan"), by and through its attorneys, Seyfarth Shaw LLP, moves to prohibit any expert testimony regarding the "9% theory" first propounded by plaintiffs' expert Lawrence Deutsch during his deposition in this case.

### INTRODUCTION

On September 24, 2009, plaintiffs' expert Lawrence Deutsch provided a report offering an opinion on "[t]he proper method to reflect the value of future interest credits." Deutsch Rep. 9/24/09 (docket #183) at 2.[1] In his report, Mr. Deutsch states that stochastic modeling is the "best method to reflect the value of the future interest credits." *Id.* He then "concurs" with Dr. Maxam's conclusion that the future interest

---

[1] Much of Mr. Deutsch's report also is the subject of a motion to exclude his legal opinions, filed concurrently with this motion.

credit rate should be 8.45% at an 80% confidence rate and 10.73% at a 50% confidence rate.  At no point in his report, however, does Mr. Deutsch argue that future interest credits should be calculated in any other way (with the exception of various other numbers he said were too low but should be a minimum).

At his January 5, 2010, deposition Mr. Deutsch offered a new theory, different from Maxam's, on how future interest credits might be calculated.  According to Mr. Deutsch's testimony, future interest credits could be calculated at 9% by adding .5% to the Plan's 8.5% asset return assumption for funding purposes, the .5% basically representing the difference in the Towers Perrin 2001 stochastic model between its projection of the Plan rate of return and the average interest crediting rate.  Deutsch Dep. 1/5/10 (docket #196) at 487.  This theory was propounded by Mr. Deutsch for the first time at his deposition, when the theory just came to him.  Deutsch Dep. 1/5/10 (docket #196) at 517.  Mr. Deutsch did not attempt to supplement his report to include his new theory.  At the time Mr. Deutsch made his oral supplementation, all expert reports had been submitted and all of defendant's experts had been deposed.

## ARGUMENT

This Court's June 19, 2009 Supplemental Scheduling Order (docket #101) requires that all expert disclosures comply with Fed. R. Civ. P. 26(a)(2).  Subsection (B) of Rule 26(a)(2) provides that, "[u]nless otherwise stipulated or ordered by the court," the expert disclosure "must be accompanied by a written report--prepared and signed by the witness."  The report is to contain "a complete statement of all opinions the witness will express."  Fed. R. Civ. P. 26(a)(2)(B)(i) (emphasis added).  To the extent plaintiffs intend to have Mr. Deutsch or any other expert propound the 9%

theory at trial, plaintiffs will violate this requirement as the 9% theory on calculating future interest credits was not previously disclosed in any expert report.

This Court has stricken testimony that purports to proffer a new expert theory not disclosed in an expert report. *See Pierson v. Kraucunas*, No. 01-C-0225-C, 2002 U.S. Dist. Lexis 26872, *2, 17-19 (W.D. Wisc. Feb. 20, 2002) ("The witness's failure to include the subject matter of the testimony in his report or to produce a timely supplementation of the report require striking the testimony as a sanction."). The Seventh Circuit has stated that this sanction is "automatic and mandatory," unless the sanctioned party can show that it was either justified or harmless. *Happel v. Walmart Stores, Inc.*, 602 F.3d 820, 825 (7th Cir. 2010).

Had plaintiffs wished to have an expert propose a 9% theory, they had ample opportunity to have it placed in one of their experts' reports. At the time Mr. Deutsch submitted his expert report, for example, he knew all the facts upon which the theory is based.

## CONCLUSION

The Court should grant this motion to exclude expert testimony on the 9% theory of Laurence Deutsch.

                                                      Respectfully submitted,

                                                      ALLIANT ENERGY CASH BALANCE PENSION PLAN

                                                      /s/ Mark Casciari
                                                      One of Its Attorneys

Mark Casciari (mcasciari@seyfarth.com)
Ronald J. Kramer (rkramer@seyfarth.com)
Amanda A. Sonneborn (asonneborn@seyfarth.com)

Sam Schwartz-Fenwick (sschwartz-fenwick@seyfarth.com)
SEYFARTH SHAW LLP
131 S. Dearborn Street, Suite 2400
Chicago, IL 60603
Telephone: (312) 460-5000
Fax: (312) 460-7000

June 8, 2010

## **CERTIFICATE OF SERVICE**

  I, Mark Casciari, an attorney, do hereby certify that on this 8th day of June, 2010, I electronically submitted the foregoing DEFENDANT'S MOTION IN LIMINE TO PROHIBIT EXPERT TESTIMONY REGARDING MR. DEUTSCH'S NINE PERCENT THEORY to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

    Eli Gottesdiener
    Gottesdiener Law Firm, PLLC
    498 7th Street
    Brooklyn, NY 11215
    eli@gottesdienerlaw.com

      /s/ Mark Casciari
      Mark Casciari

12388729v.2