IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LAWRENCE G. RUPPERT and
THOMAS A. LARSON,
on behalf of themselves and on
behalf of all others similarly situated,

                Plaintiffs,

        v.

ALLIANT ENERGY CASH BALANCE
PENSION PLAN,

                Defendant.

ORDER

08-cv-127-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This pension benefits class action is scheduled for trial on Monday, June 21, 2010.

In an order entered June 3, 2010, I granted plaintiffs' motion for summary judgment in part,

concluding that defendant violated ERISA by miscalculating plaintiffs' lump sum

distributions.  I concluded that the interest rate defendant used to project the future value

of plaintiffs' cash balance accounts was not a reasonable estimator and that a trial was

required to determine what rate should have been used.  Although the specific rate could not

be determined at that point, I did conclude that, after the specific rate is decided, a pre-

retirement mortality rate should be included when discounting the projected value of the

accounts back to their present value.  Plaintiffs have filed a motion for reconsideration on

this question.  In addition, defendant has filed certain motions in limine related to expert tesimony, dkts. ## 320-21, and plaintiffs' deposition designations, dkt. #328.

I will grant plaintiffs' motion for reconsideration on the question whether a pre-retirement mortality rate should be used and give the parties an opportunity to submit additional argument on the question.  As for defendant's motions, I will grant the motions in limine related to expert testimony but deny the motion to strike plaintiffs' deposition designations.

A.  <u>Motion for Reconsideration</u>

In the summary judgment order, the court accepted defendant's argument that a pre-retirement mortality discount should be applied when calculating the new lump sum benefits.  It appeared that plaintiffs had failed to respond to defendant's argument that the case was different from <u>Berger v. Xerox Corp. Retirement Income Guaranty Plan</u>, 338 F.3d 755 (7th Cir. 2003), because in this case the plan documents required applying such a discount.  Plaintiffs contend that this ruling was error for three reasons:  (1) <u>Berger</u> governs regardless of the plan's requirements; (2) even if <u>Berger</u> did not require rejecting a pre-retirement mortality rate in this setting, the plan would require applying the rate *both* to projection and discount, thus canceling out its effect (this matter was not raised or addressed in the summary judgment order); and (3) at any rate, plaintiffs did not waive their argument

2

about what the plan required.

I agree that it was error to conclude that plaintiffs had waived their argument. Plaintiffs stuffed their entire argument on this question into a footnote, dkt. #279, at 31 n.25, and their argument was cursory, but they did make one point that seemed responsive to defendant's argument: "the district court [in Berger, after appeal] held 'whether the Plan administrator has utilized a pre-retirement mortality discount in the past in other circumstances *or believes that use of such a discount would be appropriate* is irrelevant to the Court's inquiry.'" Dkt. #2179, at 31 n.25 (quoting Berger v. Xerox Retirement Income Guaranty Plan, 231 F. Supp. 2d 804, 813-17 (S.D. Ill. 2002))(emphasis added).  Although plaintiffs were not directly challenging defendant's point that the *court of appeals* case was distinguishable because it did not address a plan requiring a mortality discount, plaintiffs do contend that it should not matter whether a plan so requires.

In addition, plaintiffs point out that it was a mistake to conclude that this case was distinguishable from Berger, 338 F.3d 755, on the ground that in that case there would be no loss of benefit if a participant died pre-retirement because the decedent's shoes would be filled.  As plaintiffs point out, participants in this case appear to have the same right.

Plaintiffs' arguments persuade me that it was error to toss out plaintiffs' position so quickly at summary judgment.  This does not mean I conclude that plaintiffs are correct that no pre-retirement mortality discount should be applied, only that the matter should not have

3

been decided on the parties' submissions at summary judgment.  Therefore, I will grant plaintiffs' motion for reconsideration and reopen the question whether a pre-retirement mortality rate should be applied and whether, if so, an identical rate should be used to both project and discount the account balance.  The parties will have the opportunity to submit additional evidence and argument on this question

### B.  Defendant's Motions to Prohibit and Exclude Expert Testimony

1.  Motion to prohibit testimony regarding Lawrence Deutsch's 9% theory

This motion relates to testimony that plaintiffs' expert Lawrence Deutsch provided in deposition testimony after his expert report had been submitted.  He offered a new "9% theory" (so defendant calls it):  that the future interest credits could be calculated by combining the plan's asset return assumption rate of 8.5% with the projected difference between the interest crediting rate and the asset return rate, which is 0.5%.  Plaintiffs have not responded to this motion in limine, but to allow testimony on a matter beyond the scope of the expert report would be improper.  Therefore, I will grant defendant's motion.

2.  Motion to exclude portions of Deutsch's proffered reports and testimony

This motion relates to two kinds of testimony offered by Deutsch:  legal conclusions and a "seal of approval" on the stochastic analysis of Clark L. Maxam, another of plaintiffs'

4

experts.  As for the legal conclusions, defendant points to the following examples: (1) an opinion about whether the current methodology properly applies IRS Notice 96-8; (2) critique based on legal interpretation of what the IRS's position is; (3) analysis of how to interpret the plan as a contract; (4) conclusions related to whether a 7% or 7.5% rate is "binding" on the plan; (5) discussion about how a court should calculate prejudgment interest; (6) interpretation of the meaning of Notice 96-8; (7) interpretations of statements by IRS representatives and communications from the plan; and (8) analysis of rules and regulations of the IRS and ERISA.  Plaintiffs have not responded, but all these descriptions are of improper legal conclusions.  As with the other experts, Deutsch should focus on describing one or more methods for estimating future interest credits and explaining why one of those methods is more accurate than others at "guessing the future" in the present context.

As for the "seal of approval," defendant points out that Deutsch states that he "concurs" with Maxam's stochastic analysis but has not checked Maxam's assumptions and has no basis by which to offer an actuarial opinion on the matter.  Such "concurrence" is both unreliable and unhelpful, so it will be disregarded.  To the extent Deutsch's testimony amounts to legal opinions or an unfounded "concurrence" on Maxam's work of another, it will be excluded.

5

### C. <u>Motion to Strike Deposition Designations, dkt. #328</u>

Defendant seeks to strike plaintiffs' deposition designations, which were submitted too late.  Although plaintiffs were required to submit the materials two weeks before trial or subpoena witnesses four weeks before trial, they waited until one week before trial to state that they would be seeking to read deposition testimony into the record or call certain witnesses at trial that had not been subpoenaed.  Plaintiffs have explained that they believed that the one-month deadline was applicable only to pro se litigants and the two-week deadline was a deadline for "starting a conversation," not submitting designations.

I am persuaded that plaintiffs' neglect was excusable; more important, defendant has not even suggested that the deposition designations would be prejudicial.  (These are not surprise witnesses.)  I will not strike the deposition designations.

(In plaintiffs' opposition brief, they bring up the separate point that they should be allowed to subpoena these witnesses for live testimony because five of the six witnesses are willing to testify for defendant, but not plaintiffs.  I will not consider that argument at this time because plaintiffs have not filed their own motion on this matter.  If necessary, the point can be brought up again before trial begins on Monday.)

6

ORDER

IT IS ORDERED that

1. The motion for reconsideration filed by plaintiffs Lawrence G. Ruppert and Thomas A. Larson, dkt. #322, is GRANTED.

2. The motions in limine to prohibit expert testimony and exclude portions of expert reports and testimony filed by defendant Alliant Energy Cash Balance Pension Plan, dkts. ##320-321, are GRANTED.

3. Defendant's motion to strike plaintiffs' deposition designations, dkt. #328, is DENIED.

Entered this 18th day of June, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

7