IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LAWRENCE G. RUPPERT and
THOMAS A. LARSON,
on behalf of themselves and on
behalf of all others similarly situated,

              ORDER

     Plaintiffs,

              08-cv-127-bbc

  v.

ALLIANT ENERGY CASH BALANCE
PENSION PLAN,

     Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

   In an order entered June 18, 2010, I granted defendant's motions in limine related to expert testimony, dkts. ## 320-21, concluding that (1) Lawrence Deutsch would not be permitted to offer a theory that the future interest credits could be calculated by combining the plan's asset return rate with the difference between the interest crediting rate and the asset return rate because that theory was not in his expert report; and (2) "to the extent Deutsch's testimony amounts to legal opinions or an unfounded 'concurrence' on Maxam's work of another, it will be excluded." At the time the order was released, plaintiffs had not responded to either motion to strike although trial was looming. Now they have filed a motion for reconsideration, explaining that they intended to file a response and arguing that

it was error to prevent Deutsch from testifying about his "new" theory and contending that some of the testimony stricken from Deutsch's report was not legal conclusion or unfounded "concurrence." I will deny plaintiffs' motion.

First, although plaintiffs assert that Deutsch's original expert report included reference to "a future anticipated rate of return methodology" and used the Plan's funding assumption of 8.5%, plaintiffs do not identify any passage in which Deutsch proposed that the rate of return can be combined with the difference between the interest crediting rate and the rate of return. Plaintiffs contend that the report should be considered required supplementation, but do not describe any late-filed evidence that would have required Deutsch to supplement his original report or explain why Deutsch's new theory was not a part of the original. Finally, although plaintiffs argue that defendant will not be prejudiced by allowing the late supplementation, this overlooks the fact that plaintiffs have prevailed on striking defendant's expert testimony *rebutting* Deutsch's theory.

Second, as to Deutsch's use of legal conclusions and unfounded "concurrence" of Maxam's results, plaintiffs seem to misunderstand the scope of the ruling. The court did not strike Deutsch's statements passage-by-passage. Nor did it prohibit all discussion of the stochastic methodology, which was the one used by Maxam. What is prohibited is that Deutsch attempt to interpret statutes or otherwise assert legal opinions, or attempt to suggest that Maxam's *results* were correct, rather than the general methodology he used.

2

ORDER

IT IS ORDERED that the motion for reconsideration filed by plaintiffs Lawrence G. Ruppert and Thomas A. Larson, dkt. #334, is DENIED.

Entered this 22d day of June, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3