IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LAWRENCE G. RUPPERT and
THOMAS A. LARSON, on behalf
of themselves and all others similarly
situated,

                 Plaintiffs,

    v.

ALLIANT ENERGY CASH BALANCE
PLAN,

                 Defendant.

ORDER

08-cv-127-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

After learning that defendant Alliant Energy Cash Balance Plan had received a Determination Letter from the Internal Revenue Service advising defendant that it is required to change the method for valuing the account balance for plan distributions made between January 1, 1998 and August 17, 2006 and that it intended to send a notice to the members of the corrective distributions, plaintiffs Thomas A. Ruppert and Thomas A. Larson moved for a protective order, dkt. #447. Plaintiffs sought an order prohibiting defendant Alliant Energy Cash Balance Plan from communicating with plan members about the payments they

1

are to receive under a determination letter until counsel for both sides had met and conferred on modifications to the notice defendant intends to send. At a hearing on May 26, 2011, I declined to order counsel to meet, but directed plaintiffs to submit proposed revisions to the notice no later than May 31 and gave defendant until June 1 in which to file its objections to the proposals. I ordered defendant to refrain from making any IRS payments until the court could determine the form of the notice explaining those payments.

Plaintiffs seek to add information to the notice reminding the class members about this lawsuit; defendant opposes any changes, arguing that the plan sponsor is not a party to this lawsuit and that it is a violation of its First Amendment rights to prescribe what it may and may not communicate to the class members. It argues that even parties may not be barred from communicating with class members in the absence of a showing of potential abuse.

Defendant adds that plaintiffs' counsel's objection to the notice is tainted by a substantial conflict of interest because of his interest in establishing that it was his work on behalf of the class that led directly to the favorable IRS determination. This is not a convincing argument, however. It is not the class members that will be deciding that question but the court and the decision will not turn on what counsel says in the notice.

After reviewing the original notice, plaintiffs' objections and defendant's reply, I believe that the notice should be amended in one respect only, by adding a third and fourth paragraph to the Notice form as follows:

As you were informed in 2009, the cash balance pension plan is the subject of a class action lawsuit filed in federal district court in 2008. Ruppert v. Alliant Energy Cash Balance Pension Plan, 08-cv-127-bbc (W.D. Wis.). The court has ruled in that case that participants in the plan who took early retirement and chose lump sum payments of their cash balance accounts were not provided the full amounts to which they were entitled. That ruling is not yet final and may be appealed. If the ruling is upheld on appeal, you may be entitled to another payment in addition to the one described in this letter.

Accepting this benefit payment under the terms of this letter will not affect any right you may have to receive an additional payment later if the ruling on the class action suit is upheld.

If nothing else, this information will fend off questions that class members are likely to have about the interplay between the IRS action and the lawsuit and it makes it clear that not every class member will receive a payment as a result of the litigation.

It seems unlikely that adding this straightforward and neutral information to the notice will infringe on the plan sponsor's First Amendment rights. It is still permitted to say everything it wishes to say in the notice. If, however, the plan sponsor believes that adding the language will infringe its rights as a non-party, I will order defendant to send a separate notice containing the two paragraphs to each class member contemporaneously with the plan sponsor's notice.

If either side has any objection to anything in this order, I will be available for a telephone conference this afternoon (Thursday, June 2) or tomorrow morning (Friday, June

3

3). The objecting party is to initiate the call.

Entered this 2d day of June, 2011.

                                              BY THE COURT:
                                              /s/
                                              BARBARA B. CRABB
                                              District Judge